ROBERT W. CAMPION

v.

EDWARD G. SMITH.

*Replevin—Options.*

1. In an action brought to recover certain office furniture, this court construes the contract involved, and holds, in view of the same and the evidence, that the direction to find for the defendant was erroneous.

2. The contract involved, wherein an option is given to buy certain goods, is void.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. CHARLES E. POPE, for appellant.

Mr. LAWRENCE M. ENNIS, for appellee.

MR. JUSTICE GARY. These parties had a written contract as follows:

" I, Edward G. Smith, do by these presents agree to pay to Robert W. Campion the sum of ten dollars ($10) per week rent for the furniture and carpets, etc., now in rooms 21 and 22 Montauk block, for which a bill of sale has been given this day and specified on same, the first payment of rent to be made on the 25th day of August, A. D. 1891, with the provision and agreement that if the said Smith, on or before that date, pay the sum of one hundred and twenty-seven dollars ($127), for the purchase of the above mentioned property and as described in said bill of sale, of even date of this agreement, the said R. W. Campion agrees to give to said Edward G. Smith a bill of sale of the said property hereby described, and which was sold by constable Booth to said Campion.

Witness my hand and seal this 6th day of August, A. D. 1891.

EDWARD G. SMITH.

I hereby agree to the above terms.

R. W. CAMPION."

The appellant was the only witness on the trial. He said that on the 25th day of August he went to Smith to get the rent and Smith said he would not pay any rent, but would give the appellant $127 if he would make a bill of sale to a third party; that thereupon on the second day of September, 1891, the appellant commenced this suit in replevin; that about two weeks before the time at which

he was testifying (May 23, 1892,) he got the rent on a judgment. On these facts the court directed a verdict for the defendant, appellee.

It might be conceded that if Smith paid for the goods on the 25th of August, 1891, he was entitled to a bill of sale of them to himself, without paying any rent; but he refused to pay rent, and made no offer to comply with the provision for a purchase.

Under these circumstances the appellant was entitled to his goods, and the subsequent recovery of rent for the time the appellee had them, had no effect upon his right to them.

The direction to find for the defendant was erroneous, and the judgment is reversed and the cause remanded.

It has escaped the attention of counsel that this contract giving Smith an option to buy the goods is void. Locke v. Towler, 41 Ill. App. 66.

*Reversed and remanded.*