## Orland D. Orvis v. Sophia Z. Waite.

1. CONTRACTS—*Purchase of Stock—Option to Return—Offer to Return.*—Where a person buys stock in an incorporated company, with an option to return the same to the vendor within a stated time, and be paid a fixed sum therefor, an actual return or offer to return the stock is necessary before suing on the contract. Leaving the same at a bank and notifying the vendor is not sufficient.

Assumpsit, on the contract stated in the opinion of the court. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Submitted at the March term, 1895, of this court and affirmed. Opinion filed May 16, 1895.

Dow, WALKER & WALKER, attorneys for appellant.

GEORGE B. POWER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This suit is by the appellee against the appellant to recover upon a writing as follows:

"CHICAGO, Sept. 25, 1863.

Whereas, Sophia Z. Waite has this day purchased twenty-five (25) shares of stock in the company known and called

the 'Orvis Brothers' Down Draft Furnace Company,' and twenty-five (25) shares of stock in the company known and called the 'Orvis Steel Arch Furnace Company,' which stock is represented by certificates issued to Sophia Z. Waite numbered '69' and '37,' respectively, and dated September 25, 1893.  Now, in consideration of one thousand (1,000) dollars paid for said above named certificates, I, Orland D. Orvis, do hereby covenant and agree and by this instrument do bind myself, my heirs and assigns, to pay to Sophia Z. Waite one thousand (1,000) dollars and interest thereon at six per cent per annum, in one year from this date, provided said Sophia Z. Waite shall elect to return to me said stock certificates for fifty shares, at any time previous to September 25, 1894.

ORLAND D. ORVIS."

Before the year was out the appellee caused the stock certificates to be left at the First National Bank of Chicago, and notices—the contents of which are not shown by the record—were sent by the bank to the appellant.

October 4, 1894, the appellant wrote to the husband of the appellee that " I have failed to be prepared to meet my obligation to Mrs. Waite at maturity, but for good and sufficient reasons which you are already familiar with, I have thus far been unable to do so."

And, October 11, 1894, that he expected soon to make some arrangement " which will enable me to settle my obligations to Mrs. Waite."   These letters are acknowledgments by the appellant—when read in connection with the circumstances —of his obligation to pay her for the stock, but they are no more.   No facts are stated in them, nor did the appellee act upon them so as in any way to change her position in consequence of them.   It is safe to say that if, without the letters, the appellee had no cause of action, the letters did not give her any.

The privilege or option to her by the words "provided said Sophia Z. Waite shall elect to return to me said stock certificates," was not secured by any merely mental election on her part.

An actual return or offer to return the certificates was necessary. Com. Dig. C. 58; C., M. & St. P. Ry. v. Hoyt, 37 Ill. App. 64.

And if the notices from the bank were for the appellant to come for the certificates—which is probable—such notices were not enough. Wright v. Gardner, 66 Ill. 94; Sanborn v. Benedict, 78 Ill. 309.

Her declaration alleged that September 25, 1894, she tendered the "fifty shares of stock and demanded the said $1,000, but that appellant refused to accept and pay;" of which allegation there was no proof, not even any attempt to prove it. The peremptory instruction to find a verdict for the appellee was erroneous.

This is not the first case before us in which an unanswerable defense is not alluded to. Smith v. Campion, 46 Ill. App. 501; Oliver v. Gerstle, No. 5608, this term.

The judgment is reversed and the cause remanded.