THE PEOPLE *ex rel.* William T. Johnson, Collector, etc.

*v.*

JOSEPH PEACOCK.

*Filed at Springfield March 21, 1881.*

1. TAXES—*one per cent per month penalty is not retrospective.* That part of sec. 177, of the Revenue act, which provides that "unpaid taxes shall bear interest, after the first day of May, at the rate of one per cent per month until paid," etc. not having gone into effect until the first day of July, 1879, can not be held to apply to taxes of 1878, and prior years.

2. Independent of the rule which forbids the giving of statutes a retrospective operation unless an intention to that effect is clearly manifest, the clause of the Revenue act giving one per cent per month on unpaid taxes after May the first, being highly penal, can not be held to apply to back taxes, which necessarily consist of accumulated interest upon interest, not distinguishable from the taxes proper.

3. SAME—*the one per cent per month for delay in payment is not interest, but only a penalty.* That part of sec. 177, of the Revenue law, which requires the payment of one per cent a month on unpaid taxes, after May the first, is not interest, in the legal sense of that term, but is a penalty; and hence it is not in conflict with sec. 22, art. 4, of the constitution, which forbids the passing of any local or special law regulating the rate of interest on money.

4. STATUTES—*retrospective operation not favored.* Statutes, except those relating to remedies exclusively, will not be given a retrospective operation, unless the intention to make them so is manifest.

5. SAME—*penal one, to be strictly construed.* Penal statutes are to be strictly construed, and are never to be extended by mere implication to either persons or things not expressly brought within their terms.

6. SAME—*construed so as not to be in conflict with organic law.* Courts will not so construe a statute as to render it unconstitutional, if any other reasonable construction can be placed upon it which will render it effectual and legal.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant:

Sec. 177, of the Revenue act, as amended in 1879, was not in force to apply to the taxes of 1879. *People ex rel.* v. *Thatcher,* 95 Ill. 109. But must govern after it took effect.

Back taxes, like current taxes, become delinquent each year by force of sec. 177, if such back taxes remain due and unpaid on the 10th day of March. We admit the rule to be, that no statute will be so construed as to give it a retrospective operation, unless intention manifestly appears. *Breese* v. *Schuyler,* 4 Gilm. 221; *Conway* v. *Cable,* 37 Ill. 82; *In re Tuller, deceased,* 79 id. 99; *Price* v. *Mott,* 52 Pa. St. 315; *City of Oakland* v. *Whipple,* 44 Cal. 303; *State* v. *Atwood,* 11 Wis. 422.

We do not ask for any but a prospective operation of the law. The object of the section is to compel prompt payment of taxes, and has the like force upon back or current taxes. The language used is unequivocal, and demands a construction which makes this "one per cent per month" apply to all unpaid taxes.

Is not the statute remedial and governed by the construction put upon remedial statutes?

The legislature may change its revenue laws, imposing new conditions upon the collection of taxes already delinquent. *Negus* v. *Yancey,* 22 Ia. 57; *Sully* v. *Kuehl,* 30 id. 275; *Litchfield* v. *Webster Co.* 101 U. S. 773.

That this one per cent per month is a penalty, and not interest, see Bouvier's Dic., title "Interest"; 2 Black. Com.

454; *Madison Co.* v. *Bartlett,* 1 Scam. 67; *Phinney* v. *Baldwin,* 16 Ill. 108; *Willis* v. *Legus,* 45 id. 289; *Popper* v. *Holmes,* 44 id. 360.

Such penalties are legal. *Bristol* v. *Chicago,* 22 Ill. 587; *Scammon* v. *Chicago,* 44 id. 269; Cooley on Tax. 313.

If this statute is to be construed as interest, then it follows that this one per cent is special legislation, and unconstitutional.

Mr. EDWARD ROBEY, and Mr. GEORGE L. THATCHER, for the appellee:

The authority for the addition is sec. 177, introduced into the Revenue chapter by amendment, July 1, 1879.

Construing this section with the residue of the chapter, we see that the court did not err in refusing to add interest at one per cent a month, from May 1, 1880, to back taxes and forfeitures included in the warrant of 1879. The authority for adding those back taxes is sec. 129, supplemented by sec. 229. Section 129 requires the addition of the "back tax, interest, penalty and printers' fees remaining due on such real property, with one year's interest at ten per cent on the amount of tax due." It is to be observed that all the interest due on the tax at the time of this extension is to be included in the amount, besides this "one year's interest;" and the conclusion follows, that this "one year's interest" is for the year to come. This is "one year's interest," and the year must commence and end at some time. These words "one year's interest," were wholly unnecessary, except to express an idea,—as the express words and expressed intent can not be rejected, and as all the back taxes, and all the interest due at the time of the issue of the tax books are to be included, without reference to any judgment. *People* v. *Smith,* 94 Ill. 229. And "one year's interest" is to be added to that. *People* v. *Gale,* 93 Ill. 127. And as there is no way in which these taxes can be collected by compulsion until the lands are offered for sale in the next year, it appears that

this "one year's interest" is for this "one year's" forbearance of the money.

Section 177 is evidently intended to be confined to the taxes of the current year. Under it, they become delinquent in March succeeding the issue of the warrant, and bear interest at one per cent a month "*till forfeited;*" then the tax and this interest are charged up against the land, under section 129, "with one year's interest at ten per cent of the amount of the tax due," and after that, section 177 has nothing to do with this back tax, which is carried forward and pays interest under section 129. Hence the court did not err as appellant avers.

The counsel for the people insist that this imposition of one per cent is a penalty and not interest. . If so, the statute must be construed strictly; and as there has been a penalty of like character imposed under section 129, the statute will not be liberally construed to impose two penalties on the same land.

In *People* v. *Thatcher*, 95 Ill. 109, p. 113, this court holds that this section 177, of 1879, has no application to taxes levied before its passage.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment and order of sale rendered by the county court of Cook county, at its July term, 1880, of certain real estate belonging to appellee, for the taxes, interest and costs thereon for the years 1873 to 1879, inclusive. This property had been regularly forfeited to the State for the taxes thereon for the several years mentioned previous to 1879.

Upon the hearing of the case, it was insisted by the collector that the court should, under the 177th section of the Revenue act, include in its judgment interest on the total amount of taxes from the 1st of May, 1880, at the rate of one per cent a month. The court, however, refused to allow

this claim on the back taxes, but allowed it on the taxes of 1879, and we think properly. So much of the 177th section of the Revenue act just referred to as provides that "unpaid taxes shall bear interest after the first day of May, at the rate of one per cent a month until paid," etc., did not go into effect until the first of July, 1879, and to extend its provisions to the taxes of 1878 and prior years would be to give it a retrospective operation, which it was not intended to have. *The People ex rel.* v. *Thatcher,* 95 Ill. 109; *In re Tuller,* 79 id. 99. Indeed, the rule is well recognized that statutes, except those relating to remedies exclusively, will not be given a retrospective operation unless the intention to do so is manifest.

But even outside of this general principle, which forbids the giving of statutes a retrospective effect, we are of opinion the ruling of the county court was right. By reference to the provisions of the revenue act, it will appear that a large portion of the amount designated as back taxes, where the taxes have been running for a number of years, as in the present case, will necessarily consist of accumulated interest upon interest, and it is not reasonable to suppose that this highly penal provision was intended to be extended to those items which, strictly speaking, are not taxes at all, and this would necessarily be done if held to apply to the back taxes, for they are so blended together that they could not be distinguished. And it is a well recognized principle that penal statutes are to be strictly construed, and are never to be extended, by mere implication, to either persons or things not expressly brought within their terms.

Appellee assigns a cross-error questioning the ruling of the court in allowing the one per cent a month on the taxes for 1879. The argument is this: It is claimed first, that this one per cent a month is, both in name and fact, interest—in its ordinary legal sense—being nothing more than the compensation which the legislature has undertaken to provide in a particular class of cases for the forbearance of money due

from the tax-payer to the State. In the second place it is insisted that since this per cent is merely interest, the section in question fixing the rate, being a special law, is in conflict with section 22 of article 4 of the constitution, which forbids the passing of any local or special law regulating the rate of interest on money.

The position assumed is certainly not without force. Yet it is a well recognized principle that courts will not so construe a statute as to render it unconstitutional, if any other reasonable construction can be placed upon it which will render it effective and legal. Conforming to this familiar rule of construction, we are inclined to hold that the one per cent per month on the delinquent taxes, provided for in the 177th section, is not interest at all, in the legal and appropriate sense of the term, but is, strictly speaking, a penalty, and hence does not fall within the provision of the constitution, as supposed.

It is suggested, in answer to this view, that, considered as a penalty, the act in question is but an attempt on the part of the legislature to impose a penalty upon the tax-payer without affording him an opportunity to be heard in defence, and is therefore invalid. We do not so regard it. He is given, in all such cases, his day in court. On the application for judgment against the land for the taxes, ample opportunity is afforded him to be heard on that and all other questions affecting the right of recovery.

Upon the whole, we are of opinion the judgment of the county court was right, and it is therefore affirmed.

*Judgment affirmed.*