# JOHN CARNE, Jr.

*v.*

# JOSEPH PEACOCK.

*Filed at Ottawa June 13, 1885.*

1. SALE FOR TAXES—*pending an appeal.* Where an appeal is taken by the People from the judgment of the county court against lands for taxes, all proceedings under the judgment are thereby suspended until the appeal is disposed of, and a sale of the land pending such appeal will be without authority of law, and void.

2. SETTING ASIDE TAX SALE—*upon terms.* A lot was sold for the taxes thereon, by the description of "lot 9, in block 107," when it should have been described as "lot 9, in blocks 106 and 107," of a subdivision, which was chargeable with taxes: *Held,* that a court of equity, in setting aside such sale, properly required the owner to pay the sum paid for it by the purchaser at the sale, and six per cent interest thereon, as a condition of granting the relief sought.

3. APPEAL—*as to the scope of an order granting it—to whom granted.* On rendering judgment against lands and lots for delinquent taxes, the county

court entered an order "that all parties praying an appeal from this judgment file their appeal bond in the sum of $250," etc., within twenty days; and it was further ordered that in appeals by the People no bonds need be filed: *Held,* that the legal effect of such order was to grant an appeal either to the People or any land owner aggrieved by the judgment; and that where the county attorney gave notice of an appeal, and prepared and filed a bill of exceptions on behalf of the People as to certain lands, this was an appeal by the People.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. GEORGE W. SMITH, and Mr. JOHN P. WILSON, for the appellant.

Mr. CONSIDER H. WILLETT, and Mr. GEORGE L. THATCHER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

In his bill Joseph Peacock alleges he is, and has been since 1872, the owner of certain parcels of land described, all of which had been sold for taxes for certain years mentioned, and that defendant, John Carne, Jr., now holds tax certificates, and that he will apply, as soon as the statutory period for redemption from such tax sales expires, for deeds for such property, to the county clerk, who it is alleged will make deeds to the party holding such certificates, on his application for that purpose. The judgments on which the property was sold were rendered in 1880, for the taxes of 1879 and prior years. Numerous reasons are assigned why the taxes assessed against complainant's property were illegal, and quite a number of objections are insisted upon as to the validity of the judgment and subsequent proceedings under them. The holder of the tax certificates and the county clerk were made defendants, and defendant Carne filed his answer to the bill, but the county clerk disclaimed all interest in the

subject matter of the suit. On the final hearing the court granted relief substantially as prayed for in the bill, and decreed that the tax certificates held by defendant Carne be cancelled, and be held for naught, on the payment to him by complainant of the sum found to be due for taxes and assessments paid by defendant on the property, and that the county clerk be perpetually enjoined from making to defendant any deed or deeds for the property, or any part of it, in case complainant should comply with the terms imposed by the decree on which the relief was granted. Complainant, and defendant Carne, both filed transcripts of the record in the Appellate Court and in this court, and assign errors on the same, and by stipulation the causes have been submitted in this court on the same abstracts and briefs, and are to be considered as one case.

It seems that one tract or parcel of the land was sold by an imperfect description, and as to it the court declared the certificate void on payment to defendant, by complainant, of the sum he had paid to relieve the land sold from the tax lien upon it, with interest thereon. As respects the decree touching this particular tract of land, defendant makes no complaint, but as to that portion of the decree complainant has assigned errors which will be noticed further on.

It appears the court found, as a matter of fact, that from the judgment rendered August 26, 1880, by the county court, against the lands of complainant, the People took an appeal to the Supreme Court, and as a matter of law, in consequence of such appeal no steps could be taken in regard to the property mentioned in the decree while such appeal was pending in the Supreme Court, for the collection of taxes, and that no valid sale could be made, or acts done by the collector, until such appeal should be disposed of by the Supreme Court. It was principally for that reason the court held the sales made of complainant's property during the pendency of the appeal were void; and as the court found, as a matter of

fact, complainant had no knowledge or notice of such sales so made by the collector until after the affirmance of the judgment appealed from, it was decreed that the tax sales were void, and that complainant was entitled to have the certificates set aside on payment to defendant of the amounts it was ascertained he had paid to relieve the property from liens or taxes and special assessments upon it. It is the correctness of this finding and decision of the court that is called in question by the assignment of errors made by defendant in this cause. It is thought, however, the finding and decision of the trial court in this respect are warranted both by the evidence and the law. No doubt is entertained, if an appeal was in fact taken from the decision of the county court rendering judgment for taxes against the property of complainant, that no valid sale of the property for taxes could be made during the pendency of such appeal. (Revenue act, sec. 193, as amended by the act of May, 1879.) The point insisted on, however, is, that no appeal was, in fact, taken from the decision of the county court. This, it is believed, is a misapprehension of the record. A general order was entered to permit parties to appeal. In that order it was provided "that all parties praying an appeal from this judgment file their appeal bond in the penal sum of $250," and by complying with other conditions imposed, within twenty days from the date of the judgment. And it was further ordered, "that in appeals by the People of the State of Illinois it shall not be necessary to file any appeal bonds." Where so many persons were interested in a tax judgment as in Cook county, it would be almost impracticable to enter a separate order allowing each party aggrieved an appeal, and the law requires no such thing. The legal effect of this order so entered by the court was to grant an appeal either to the People or to any land owner aggrieved by its decision. All that remained to be done by a land owner was to comply with the order of the court granting the appeal within the time limited by its

order, and his appeal would be perfected. The People were not required to file any appeal bond to perfect their appeal, neither by the order of the court nor by the statute. (Rev. Stat. chap. 120, sec. 192.) It would seem to follow, then, that all the People had to do to perfect their appeal would be to give notice of such appeal, and file the usual bill of exceptions or certificate of evidence within the time fixed by the court. That was done in this case. There is evidence the county attorney gave notice he would take an appeal from the decision of the county court to the Supreme Court, and on the 15th day of September, 1880, a bill of exceptions was prepared and filed on behalf of the People, so far as the lands of complainant were concerned. Afterwards it was agreed in open court, between the county attorney and the attorney for complainant, that an order might be entered *nunc pro tunc,* as of the 26th day of August, 1880,—that being the day on which the judgment was rendered,—to the effect the appeal prayed for by the People as to the property of the complainant might be taken to the January term, 1881, of the Supreme Court, in the Central Grand Division, and in pursuance of that stipulation it was ordered by the court the appeal prayed for be allowed to that term of the Supreme Court. Accordingly the case was taken to the Supreme Court in the Central Grand Division, as in the case of an usual appeal, and is reported as *The People* v. *Peacock,* 98 Ill. 172. It appears notice was given at the time the decision was rendered that an appeal would be taken on behalf of the People, and that is sufficient. A bill of exceptions, so far as the property of complainant is concerned, was filed within the time fixed by the order of the court. That completed the appeal, as no bond was required. The order entered *nunc pro tunc,* if it had no other effect, was sufficient to enable the parties to submit the case, as was done, in the Central Grand Division. So, then, it appears the appeal was, in fact, pending, as the circuit court found, when the tax sales were made, and as the

appeal operated, under the statute, to suspend all further proceedings, the law is, the sales were without authority of law, and are void.

The errors assigned by complainant question the finding of the court that there were tax liens on that portion of lot 9, in Stowell's subdivision of the north part of blocks 106 and 107, owned by complainant, and also the order of the court requiring complainant to pay the amount bid at the tax sale, with six per cent interest from the date of sale, as a condition of relief. Other errors assigned are of no importance.

As respects the first error indicated, it is said the money received from defendant could not have satisfied any tax liens on lot 9, in Stowell's subdivision, owned by complainant. There is no doubt this lot 9 was sold by an incorrect or imperfect description. It seems it was described as "lot 9, in block 107," when, in fact, it should have been as "lot 9, in blocks 106 and 107," of that subdivision. Although not correctly described, it sufficiently appears the property sold is the same property owned by complainant, and the money paid by defendant did, in fact, discharge the tax liens upon his property, and in that way preserved it for complainant. It was money complainant ought, under the law, to have paid himself, and as he has had the benefit of money paid by defendant, he ought, in all good conscience, to be required to repay it.

Nor was there any error in the decision of the court requiring complainant to pay interest on the amounts bid at the tax sales, as a condition on which relief should be granted. The terms imposed are both just and reasonable.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*