AXEL JOHNSON

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops—Statutes.*

1. Penal statutes are to be construed strictly, and should not be extended to either persons or things not expressly brought within their terms.

2. A count in an information charging a person named with keeping a nuisance in violation of the Dram Shop Act, should not set forth that defendant kept a place on a certain date where intoxicating liquors " are sold," but should state that such liquors "were then and there sold."

3. Nor in such case should it be stated that defendant kept a place where intoxicating liquors were sold "in violation of the law of the State of Illinois," instead of in violation of the Dram Shop Act.

4. The act of 1877, entitled, "An act to regulate the sale of intoxicating liquors outside the incorporated limits of cities, towns and villages," is not amendatory of, but entirely independent of the Dram Shop Act.

[Opinion filed May 20, 1892.]

IN ERROR to the County Court of Mercer County; the Hon. J. H. CONNELL, Judge, presiding.

Messrs. PEPPER & SCOTT, for plaintiff in error.

Penal statutes are never to be extended by mere implica-

tion to either persons or things not expressly brought within their terms. People v. Peacock, 98 Ill. 176; Watson v. People, 27 App. 493.

While it is usually sufficient to charge an offense in the language of the statute creating it, still, where a statute creates a new offense, as this one does, and does not describe the acts constituting such offense, an indictment must set the acts themselves out specifically. Johnson v. People, 113 Ill. 99 (see pages 101 and 102); McNair v. People, 89 Ill. 441; Kibs v. People, 81 Ill. 599.

The last case we deem exactly in point, the indictment there being under the statute making embezzlement larceny.

Messrs. JAMES M. BROCK, State's Attorney, and THOMAS W. BASSETT, for defendants in error.

HARKER, J. Plaintiff in error was prosecuted in the County Court upon information charging him with keeping a nuisance in violation of Sec. 7 of the Dram Shop Act. The information contained five counts. The court sustained a motion to quash as to the third and fifth, but overruled it as to the first, second and fourth. A trial was had, resulting in a verdict of guilty, upon which the court sentenced plaintiff in error to pay a fine of $75, and to be imprisoned in the county jail thirty days, and made an order abating the premises.

Of the counts on which plaintiff in error was tried, the first charges : " That Axel Johnson, on the 16th day of September, in the year of our Lord, 1891, at and within the township of Mercer, in the State of Illinois aforesaid, unlawfully did then and there keep a house, room and place of public resort where intoxicating liquors are sold, in violation of section (1) and two (2), of chapter forty-three (43) of the Revised Statutes of the State of Illinois of 1889, contrary to the statute," etc.

The second charges : " That Axel Johnson, on the 16th day of September, in the year of our Lord one thousand eight hundred and ninety-one, at and within the said county of Mercer, in the State of. Illinois aforesaid, unlawfully did

keep a house and place where intoxicating liquors were then and there sold in violation of the laws of the State of Illinois, and so the state's attorney does say that the said Axel Johnson is by law deemed and held to be guilty of keeping a common public nuisance contrary to the statute," etc.

The fourth charges: "That Axel Johnson did, on the 16th day of September in the year of our Lord one thousand eight hundred and ninety-one, at and within the township of Mercer, in the said county of Mercer, in the State of Illinois aforesaid, unlawfully then and there keep a house, room and place of public resort where intoxicating liquors were sold in quantities less than five gallons and not in original packages, as put up by the manufacturer, and to be drunk upon the premises adjacent to the premises where the sale was made, and so the said state's attorney does say that the said Axel Johnson was then and there by reason of the said sales of intoxicating liquors, and by force of the statutes in such case made and provided, guilty of keeping and maintaining a common and public nuisance."

The alleged defect in the first count is that it charged the defendant with keeping a place on the 16th of September, 1891, where intoxicating liquors "are sold." The averment should have been where intoxicating liquors "were then and there sold." Whether liquor was sold in the place kept by the defendant was an issuable and triable fact, and should have been averred as being on the date of the keeping. 1 Bishop's Crim. Pro., Sec. 408.

The objection to the second count is that it charged the defendant with keeping a place where intoxicating liquors were sold "in violation of the laws of the State of Illinois," instead of in violation of the Dram Shop Act. A person can be convicted under Sec. 7 only when the sales made in his place are in violation of the provisions of that act. There are other statutory provisions regulating the sales of intoxicating liquors than those contained therein. Liquors may be sold in violation of the laws of the State of Illinois, and the sales not be in violation of the act of which Sec. 7 is a part. Penal statutes are to be construed

strictly, and should not be extended to either persons or things not expressly brought within their terms. People v. Peacock, 98 Ill. 172.

The fourth count is obscure. The sales charged were "in quantities less than five gallons and not in the original packages, as put up by the manufacturer." Such sales are not in violation of the Dram Shop Act, but fall directly within the provision of the act of 1887, entitled, "An act to regulate the sale of intoxicating liquors outside the incorporated limits of cities, towns and villages." Laws of 1889, 194. That act is not amendatory of, but entirely independent of the Dram Shop Act. The further averment that the liquor was sold to be drunk upon the premises and upon premises adjacent thereto, does not cure the defect. It does not amount to a charge of violating Section 2 of the Dram Shop Act, because it lacks an essential element to constitute such charge, that the person making the sales did not have a license to keep a dram shop.

It is unnecessary to consider other errors assigned. There was no count upon which a conviction could be sustained, and the judgment must for that reason be reversed.

*Judgment reversed.*