Goodman v. The People.

---

## Daniel W. Goodman v. The People of the State of Illinois.

1. CRIMINAL PROCEDURE—*Certifying Indictments to the County Court for Trial.*—Indictments returned by the grand jury for offenses cognizable in the County Court, may be certified by the circuit judge to the County Court for trial. In the absence of a proper certificate, the County Court is without jurisdiction.

2. SAME—*Indictments—Indorsements of the Foreman of the Grand Jury.*—An indorsement upon an indictment in the following language, "A true bill. Foreman of the Grand Jury. James T. Stafford," is a sufficient compliance with the statute requiring the indorsement of the foreman of the grand jury upon indictments.

3. STATUTES—*Construction of, When Penal.*—The clause of section 42 of the act for the assessment of property, etc. (Hurd's Statutes 1899, p. 1454), providing for a fine for the violation of its provisions. makes such violation a misdemeanor, and renders the same a penal statute. As such, it is to be strictly construed, and not to be extended by implication to persons or things not expressly brought within its terms.

4. CONTEMPTS—*Refusal to Answer Inquiries Under Oath as to Assessments of Property.*—A refusal to take the oath or affirmation prescribed in section 42 of the act for the assessment of property, etc. (Hurd's Statutes 1899, page 1454), is not made a misdemeanor by the

statute. Refusing to submit to inquiries and answer questions is the gist of the offense.

5. INDICTMENT—*Sufficiency Under Section 42 of the Act for the Assessment of Property.*—An indictment under section 42 of the act for the assessment of property (Hurd's Statutes 1899, page 1454), against a person for refusing to take the oath. etc., is not sustained by proof that he refused to submit to inquiries and answer questions.

6. CRIMINAL LAW—*Contempts—Not Indictable.*—The refusal of a person to submit to inquiries and answer questions under oath or affirmation before a court of competent jurisdiction is not indictable as such, but is punishable as a contempt, and when done in the course of a judicial proceeding is to be summarily punished by the court.

7. REVENUE—*Power of Board of Review Under Section 42 of the Act for the Assessment of Property.*—The board of review under the act for the assessment of property, etc. (Hurd's Statute 1899, page 1444), has no authority to require a witness to become an informer as to the ownership of property where no return of an assessment, valuation or method of valuation of such property is before it.

**Indictment, for a** refusal to take an oath, etc. Error to the County Court of Union County; the Hon. MONROE C. CRAWFORD, Judge, presiding. Heard in this court at the February term, 1900. Reversed. Opinion filed September 8, 1900.

**Statement.**—Daniel W. Goodman, the plaintiff in error, was tried at the January term, A. D. 1900, of the County Court of Union County, Illinois, on an indictment for refusing to take the oath tendered, and to answer questions and submit to inquiry by the board of review of assessments of said county. The jury brought in a verdict of guilty on the second, third and fourth counts of the indictment, and not guilty as to the first and fifth counts. The court entered a judgment against him for $30, being $10 on each of said second, third and fourth counts; and from this fine and judgment he prosecutes this writ of error.

Plaintiff in error having been acquitted on the first and fifth counts of the indictment, it is not necessary to consider these counts.

Motion to quash each count was made and overruled, and a plea of not guilty entered.

After verdict of guilty on second, third and fourth counts, and motion for new trial overruled, a motion in arrest of

Goodman v. The People.

judgment was made and overruled, and judgment entered on verdict.

The second count of the indictment is as follows:

"That on the 29th day of August, 1899. at and within the county, etc.. John D. Wilson, E. B. Wing and Zachariah Groner were then and there legally elected, qualified and acting county commissioner of the said county of Union and ex-officio members of, and composed the body of the county board of review of assessments, in and for the county aforesaid, and were then and there on the date last aforesaid sitting together as such board of review of assessments in and for said county, and were then and there reviewing and considering the assessment of property, real and personal, in said county for the year 1899, then lately before returned to them by the county assessor of the county aforesaid, and were then and there considering the correctness of the valuations of the personal property assessment so returned by said assessor as aforesaid, of certain and divers persons for said year 1899, then living and liable to pay taxes in said county. And one Daniel W. Goodman, late of said county and State, then and there on the 29th day of August, 1899, in the county and State aforesaid, appeared before said board of review in answer to a summons theretofore issued by said board in said behalf and in the matter of said inquiry. and the said board then and there offered and proposed to administer in such behalf the following oath to the said Daniel W. Goodman: 'You do solemnly swear that you will true, full and perfect answers make to all questions that may be propounded by this board or its attorney, touching the ownership or value of any stock in the Anna Building and Loan Association subject to taxation in Union county, Illinois. for the year A, D. 1899, so help you God.' And the said Daniel W. Goodman then and there willfully and unlawfully refused and failed to take the oath offered and proposed as aforesaid by said board of review and thereby then and there unlawfully and willfully refused to submit to the inquiry then and there being made as aforesaid by the said board of review in the behalf aforesaid, he, the said Daniel W. Goodman, then and there being present. contrary to the form of the statute in such case made and provided and against the peace and dignity," etc.

Third count: "That on the 29th day of August, 1899, at and within the county, etc., John D. Wilson, etc. (recites the names and official character as board of review, etc., as in the second count), with full power to summon

any person to appear before them to be inquired of under oath as to the correctness of any valuation or valuations in the assessment of property for the purpose of taxation, and to cause such person so summoned to submit to an inquiry in that behalf, which said board of review was then and there on the date last aforesaid lawfully sitting together as such board of review and was then and there reviewing and considering the assessment of property in said county for the year 1899, then lately returned by the county assessor, and was then and there considering the correctness of the valuations of the personal property assessment so returned by the assessor, of certain and divers persons for said year then living and liable to pay taxes in said county.

And one Daniel W. Goodman was then and there secretary of the Anna B. & L. Association, incorporated, with its principal office in the city of Anna, in said county, said association being then and there and hitherto composed of numerous stockholders to the grand jurors unknown, and unknown to the board of review, the principal number being residents of Union county, on the first day of April, 1899, and then owning stock therein, which stock was personal property of value and liable to assessment by the county assessor of said county and the board of review.

And the said Daniel W. Goodman, as secretary aforesaid, was then and there the custodian of and had possession and control of the books of said association, which books showed the names of the stockholders of said association on said first day of April, A. D. 1899, and the series, number of shares and cash value on said date, then owned by each of said stockholders; and it was then and there within the power of said Goodman to make and furnish to said board a list of said stockholders with the number of shares and the values thereof owned by each of said stockholders on said April 1st. And in the inquiry as to the assessment of the certain and divers persons aforesaid then and there being made by said board on the 29th day of August, 1899, the said Goodman, as secretary aforesaid, in answer to a summons, etc., then and there appeared before said board, and was duly sworn by said board, said board then and there having full power to administer said oath, to make true answers to such questions as might be propounded to him, and to submit to such inquiry then being made by the board in that behalf. And the said Daniel W. Goodman, being sworn as aforesaid, was asked by the attorney representing the board to submit to the board a list of the free stock of the Anna B. & L. Association that was on April

1, 1899, owned by residents of said Union county, and said Goodman then and there unlawfully and willfully refused to submit and to furnish to said board a list of the free stock of said association that was owned by residents of Union county on April 1, 1899, and thereby then and there refused unlawfully to submit to said inquiry, contrary to the form of the statute," etc.

Fourth count: After the proper inducements, the fourth count charges, " That on the 29th day of August, 1899, at and within, etc., John D. Wilson, etc. (recites the names and official character as board of review, etc., as in second count), with full power to summon, etc., and were sitting together and considering the assessment and valuations, etc. (as in third count). And one Daniel W. Goodman was then and there secretary, etc. (as in third count), said association composed of numerous unknown stockholders, etc. (as in third count), the principal number being residents of Union county, etc., which stock was personal property of value and liable to assessment, etc. (as in third count). And said Goodman was secretary and had possession of the books showing the names of stockholders, values, etc. (as in third count), and it was then and there within the power of said Goodman to state the names of the stockholders of said association owning stock therein on said first day of April, and residing in said county. And in the inquiry aforesaid, said Goodman, as secretary, in answer to a summons, etc., then and there appeared before the said board and was then and there duly sworn to make true answers to such questions as might be propounded to him, and to submit to such inquiry, as aforesaid, by said board. And said Goodman being sworn, etc., was asked by the attorney representing said board, the following question: ' Mr. Goodman, I will ask you to state to the board the names of all persons, residents of Union county, Illinois, who, on the first day of April, 1899, owned free stock in the Anna Building & Loan Association of Anna, Illinois.' And the said Daniel W. Goodman then and there willfully and unlawfully refused to answer the question so propounded as last aforesaid, and willfully and unlawfully then and there refused to state to said board of review the names of all persons residents of said Union county who, on the first day of April, 1899, owned free stock in the Anna Building & Loan Association, and thereby then and there unlawfully refused to submit to said inquiry, etc., contrary to the form of the statute," etc.

H. F. Bussey and D. W. Karraker, attorneys for plaintiff in error; Julius Stern, of counsel.

James Lingle, State's Attorney, and Hileman & Sessions, attorneys for defendant in error.

Mr. Justice Worthington delivered the opinion of the court.

This prosecution is based upon Sec. 42 of the Revenue Law, Hurd's Stat., 1899, p. 1454, which section is as follows :

"It shall be lawful for the board of review to summon any assessor or deputy or other person to appear before them respectively, to be inquired of under oath with respect to the method by which he or they has or have ascertained or fixed any valuation or valuations returned by him or them, and as to the correctness of any such valuation or valuations, and to administer and examine under oath the assessor or other person so summoned before them, and any assessor or person so summoned who shall fail, without good cause, to appear, or appearing shall refuse to submit to such inquiry or answer such questions as may be propounded to him by said board or any member thereof or any attorney representing them, shall be guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding $500."

If the counts of the indictment upon which judgment was rendered do not state an offense under this section of the law, they should have been quashed, and if not quashed, a motion in arrest of judgment should have been sustained. The indictment was returned to the Circuit Court of Union County. There is nothing in the record to show how the case came for trial in the County Court. The statute provides that when indictments are returned for offenses cognizable in the County Court, that they may be certified by the judge to the County Court, and gives a form of certificate under seal of the court, to be indorsed upon the indictment, showing that the case has been so certified. In the absence of a certificate of transfer, the County Court has no jurisdiction of the case. But as no point is made as to

the jurisdiction of the County Court, we will assume that the case was duly transferred.

The clause of section 42 (Hurd's Stat. 1899, p. 1454), provides a fine not exceeding $500 for the violation of the provisions of the section, and makes such violation a misdemeanor.  It is therefore a penal statute, and is to be strictly construed, and not extended by implication to persons or things not expressly brought within its terms.  People v. Peacock, 98 Ill. 172.

A technical objection to the indictment is urged, which we will first consider.  The indictment has the following indorsement :

" A true bill.  Foreman of the Grand Jury, James T. Stafford."

It is insisted that because the words, " Foreman of the Grand Jury," precede the signature of " James T. Stafford," instead of following the signature, that the statute, which provides that the foreman shall sign his name at the foot of the indorsement, is not complied with, and for that reason the indictment should be quashed.  The object of the requirement is, that the foreman shall attest the bill as " a true bill," and shall do so by signing his name below the words, " a true bill."  This he has done in the case at bar.  The words " Foreman of Grand Jury," designate his official character, and do as well immediately preceding, as following his signature.

The specific charge in the second count is, that the said board of review offered and proposed the following oath to plaintiff in error :

" You do solemnly swear that you will true, full and perfect answers make to all questions that may be propounded to  *  *  *  by this board or by its attorney touching the ownership or value of any stock in the Anna Building & Loan Association subject to taxation in Union county, Illinois, for the year A. D. 1899, so help you God."

And that he then and  there willfully and  unlawfully refused to take said oath, and thereby unlawfully and willfully refused to submit to the inquiry being made as aforesaid, contrary to the form of the statute, etc.  Simplifying

the charge, it is, that he refused to take the oath tendered, and thereby refused to submit to the inquiry being made. The specific allegation is a refusal to " take the oath," the following statement being a conclusion of the grand jury as to the effect of refusing to " take the oath." Refusing to take the oath is not made a misdemeanor by the statute, but "refusing to submit to such inquiry or answer such questions," etc., is the gist of the offense.

For all that appears in the count, plaintiff in error may have been willing to affirm, and an affirmation would have served all the purposes of an oath.

The right of a witness to affirm, instead of taking an oath, is given by statute. Sec. 4, Chap. 10, Hurd's Stat.

It follows that the allegation of a refusal to take the oath is not broad enough to sustain the allegation that " thereby he refused to submit to inquiries and answer questions."

But if it were broad enough, the count would be defective. The material allegation of an indictment must be direct and positive, not argumentative and consequential. In the case at bar there is no direct averment that plaintiff in error refused to submit to inquiries, but the averment in substance is that he refused to take an oath, and that the refusal to take the oath amounted to a refusal to submit to inquiries.

In addition to this, what authority is there for indicting a witness who refuses either to affirm or be sworn ? It is not given in the statute upon which the prosecution is based, nor is it found in our criminal code; nor are we aware of any such procedure at common law. Such refusal before a court of competent jurisdiction is a contempt of court, when done in the course of a judicial proceeding, to be summarily punished, such power being of necessity in the court in its administration of law. In re Wm. Clark, 28 L. R. A., p. 244; Com. v. Willard, 22 Pick. (Mass). 476; Cartwright's case, 114 Mass. 238.

For the reasons assigned, the second count of the indictment should have been quashed.

Counsel for defendant in error say: " As we understand it,

the main question in the case is, whether Sec. 42 is broad enough to make the charges in the second, third and fourth counts of the indictment offenses under that section." They also say, " it is not a criminal statute at all;" thereby claiming that the rule as to the construction of penal statutes should not apply. We have already held that so much of Sec. 42 as defines the offense and fixes the 'penalty is a penal statute, and that said section is to be construed as penal statutes are construed. Counsel for plaintiff in error insist that neither the third nor fourth counts sufficiently state an offense under Sec. 42. Both parties then agree as to what the main question is in this case.

This requires a construction of said section, with reference to what examination or investigation is referred to in said section. Analyzing the section, it is as follows:

" The board of review may summon any assessor, or deputy, or other person, to be inquired of under oath, with respect to the method by which he or they have ascertained or fixed any valuation or valuations returned by him or them, and to administer and examine under oath the assessor or other person so summoned, and any assessor or person so summoned who shall fail to appear," etc.

It is not alleged in the third or fourth counts that any return, of the method by which any valuation, or the correctness of any valuation, was being investigated, when the offenses charged against plaintiff in error are alleged to have been committed. It is insisted that unless a return by some person or corporation was being inquired into, or the method by which a valuation was made, or the correctness of the valuation, was being investigated, the penalty provided in Sec. 42 does not apply.

If this is true, a failure to aver these conditions in the indictment is fatal, as without them, no offense under the section was committed. The words of the first part of section 42 authorize the board of review to summon " any assessor or deputy, or other person, to appear before them, to be inquired of under oath," (for what purpose) " with respect to the method by which he or they has or have ascertained and fixed any valuation or valuations returned

by him or them, and as to the correctness of any such valuation or valuations." By the terms used, the purpose of the inquiry is clearly limited to two things, namely: first, to inquire as to the method by which the assessor, his deputies or other persön, fixed a valuation returned by him or them; and, second, to inquire as to the correctness of said valuation so returned. There must, then, have been a valuation returned before the method by which the valuation was fixed, or before its correctness could be inquired into. This is a condition precedent, before the board of review, under this section, is authorized to summon witnesses and require them to answer questions. It is not claimed that this condition precedent is alleged in either the third or fourth count of the indictment upon which plaintiff in error was convicted. Neither return nor valuation, nor method of valuation, was alleged to be under investigation. The sole purpose of the inquiry, as shown by the terms of the indictment in each count, and by the oath tendered in the second count, was to ascertain generally who were stockholders, owning "free" stock in a certain building and loan association. The offense charged in the third and fourth counts is, in effect, a refusal to answer who were owners of certain property in Union county, when no return involving the ownership of said property, or the correctness of its valuation, or the method of its valuation, was under investigation.

In other words, it is charged that the section is violated and an offense committed, where the board of review seeks to make a witness a drag net or informer as to the ownership of property, when no return of an assessment or of a valuation, or of a method of valuation of such property is before such board. This construction of the statute is not warranted by its terms, or by fair implication.

We conclude, then, that for the reason aforesaid, the second, third and fourth counts of the indictments should have been quashed, and that the motion in arrest of judgment upon each of the counts upon which there was a conviction should have been sustained. Judgment reversed.