Ninian W. Edwards, appellant, *vs.* Elijah Hill, appellee.

*Appeal from St. Clair.*

In actions for torts, the non-joinder of persons interested with the plaintiff, must be pleaded in abatement, and cannot be taken advantage of on the trial, otherwise than in mitigation of damages.

If the defendant omits to plead the non-joinder in abatement, the plaintiff may have judgment for his aliquot share of the damage sustained.

And the other persons in interest may, in another action, recover to the extent of the injury sustained by them.

In an action to recover a *specific* penalty, given by a statute, which does not rest in computation, the owners of the land must all join in the action.

A remedy on a penal statute must be strictly pursued, and before a party is allowed to recover under it, he must bring himself clearly within its provisions.

This was an action to recover penalties for cutting timber, brought by Edwards against Hill. Heard at April term, 1848, before Joseph Gillespie, esq., presiding by consent, in place of Kœrner, Judge, interested in the case, and a jury. Verdict and judgment for defendant, and an appeal by the plaintiff.

G. Kœrner, for appellant.

W. H. Underwood, for appellee.

Opinion by Treat, C. J.:

This was an action of debt to recover penalties for cutting timber. The declaration alleged that the plaintiff was seized in fee of the land on which the trees were cut. The plea was *nil debet.* The evidence showed that the plaintiff had title to but six-sevenths of the land. On this state of case, the Court instructed the jury that the plaintiff could not recover. The propriety of that instruction is the only question in the case. The statute gives the owner a certain penalty for each tree of a particular description cut on his land without his permission, and authorizes him to recover the penalty in an action of debt. R. S., 525. Under this statute it has been decided that the party claiming to recover the penalty, as owner, must aver in his declaration, and prove on the trial, that he is the owner, in fee simple, of the land on which the trespass was committed. Wright *vs.* Bennett, 3 Scam., 258; Mason *vs.* Park, do, 532; Whiteside *vs.* Divers, 4 Scam., 336; Jarrot *vs.* Vaughn, 2 Gilman, 132; Clay *vs.* Boyer, 5 Gilman, 506.

It is insisted that the rules governing actions in form *ex delicto*, are strictly applicable to this proceeding. It seems to be well settled that, in actions for torts, the non-joinder of persons interested with the plaintiff must be pleaded in abatement, and cannot be taken advantage of on the trial, otherwise than in mitigation of damages. If the defendant omits to plead the non-joinder in abatement, he thereby consents to a severance of the cause of action, and the plaintiff may have judgment for his

aliquot share of the damages sustained. 1 Chitty's Pleadings, 66 ; Addison vs. Overend, 6 D. and East, 766 ; Wheelwright vs. De Peyster, 1 Johnston, 471 ; Thompson vs. Hoskins, 11 Mass., 419. And the other persons in interest may, in another action, recover to the extent of the injury sustained by them. Sedgeworth vs. Overend, 7 D. and East, 279 ; Baker vs. Jewell, 6 Mass., 460. If this was an ordinary action for the trespass, the plaintiff would be entitled to recover six-sevenths of the damages done to the estate, and the other tenant in common could, in a subsequent action, recover the residue. But this is a proceeding to recover a specific penalty, given by the statute, and we are not prepared to decide that the rule indicated should control it. The amount to be recovered does not rest in computation, but is fixed by the statute, and we are not aware of any principle or authority that will justify the splitting up of a penalty, and allow it to be recovered in fragments, by the several owners of the land. And this must be done if this action can be sustained. On no principle would the other tenant in common be concluded, by a recovery in this action, and the plaintiff could not, therefore, have judgment for the whole penalty. The penalty must be regarded as indivisible. The whole must be recovered or nothing. The inevitable consequence seems to be, that the owners of the land must all join in an action to recover the penalty. A remedy on a penal statute must be strictly pursued, and before a party is allowed to recover under it, he must bring himself clearly within its provisions.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*