The Chicago and Northwestern Railway Company

*v.*

Ira Stanbro *et al.*

1. Railroads—*liability for not delivering grain at proper place.* To make a railway company liable under section 82, chapter 114, Revised Statutes of 1874, for not delivering grain to the consignee, or place of consignment, the freight must be in bulk, and must be consigned to the warehouse or place in question at the time of shipment. A demand at the place of destination is not, of itself, sufficient.

2. Measure of damages—*not delivering grain at warehouse.* In a simple action on the case, without reference to the statute, against a railway company, for not delivering grain shipped in bulk to a particular warehouse, the true measure of damages is the necessary cost of moving the cars to the place required. If the suit is under the statute, the depreciation in the price of the grain may be considered.

Appeal from the Circuit Court of Boone county; the Hon. Theodore D. Murphy, Judge, presiding.

Mr. B. C. Cook, for the appellant.

Mr. Justice Dickey delivered the opinion of the Court:

This action seems to have been an action under section 82, of chapter 114, Rev. Stat. 1874: "Every railroad company which shall receive any grain in bulk for transportation to any place within the State, shall transport and deliver the same to any consignee, elevator, warehouse or place to whom or to which it may be consigned or directed: *Provided,* such person, warehouse or place can be reached by any track owned, leased or used, or which can be used by such corporation." The section further provides, that "any such corporation neglecting or refusing to comply with the requirements of this section, shall be liable to all persons injured thereby, for all damages which they may sustain on that account, whether such damages result from any depreciation of the value of such property by such neglect or refusal to deliver such grain as directed, * * * and costs of suit, including such reasonable attorney's fees as shall be taxed by the court." In case of any second refusal, the court shall, in the action therefor, adjudge such corporation to pay a fine of from $1000 to $5000; and in case of a third or later offense under this section, the party injured may have the railroad put into the hands of a receiver until all such damages, penalties, costs and expenses, with interest, be fully satisfied.

The plaintiffs in this action (appellees) do not claim in their declaration, or prove on the trial, that "any grain in bulk," received by the defendant (appellant) for transportation to them, was, at the time of so receiving the same, "consigned or directed" to *their "warehouse,"* or to any particular "place" other than "Garden Prairie," which was the name of a station on this railroad.

The complaint on which the judgment rests is, that this corporation neglected and refused to deliver at the warehouse of plaintiffs certain car loads of grain, and certain other articles of freight. The warehouse in question stands about

50 feet from the side-track of defendant, at a point some 600 feet from the depot of defendant.

To bring the case within this statute, the freight must be grain in bulk, and must be consigned to the warehouse or place in question at the time of shipment. In this case, the request or demand was made of the station agent at the place of destination. This does not bring the case within the statute. The words of the act limit its provisions expressly to such cases. The statute is penal, and can not be extended by construction. The limitation is evidently a very proper one. To comply with its requirements, without unreasonable inconvenience, the employees of the corporation must know that such cars are to be taken to the particular warehouse in question, at the time when such cars are put into the train of which they form a part. Otherwise, the switching at the station of destination necessary to accomplish the end is liable to be very onerous.

This declaration does not point unequivocally to this statute as the foundation of the action; but the judgment for an attorney's fee of $50, in addition to the amount of the verdict, indicates that the circuit court and the plaintiffs so regarded this action. If it be treated as a simple action on the case, without reference to the statute, then the court erred in permitting plaintiffs to prove the depreciation in value of certain grain which stood for some days on the side-track, some distance from plaintiffs' warehouse, in consequence, as was insisted, of defendant's neglect to take the same to a point near plaintiffs' warehouse; for, in such case, the measure of damages would have been the necessary cost of moving the cars to the place required. The proof in question could not be properly heard, unless the action be based upon this statute, in which case the statute expressly provides that the depreciation of price may be considered.

The judgment of the circuit court must be reversed and the cause remanded.

*Judgment reversed.*