THE PEOPLE OF THE STATE OF ILLINOIS

v.

THE UTICA CEMENT COMPANY.

*Canal—Sec. 16, Chap. 19, R. S.—Construction—Negligence—Act of Providence—Instructions.*

1.   Sec. 16, Chap. 19, R. S., prohibiting acts by reason of which any substance may be washed into the canal, is highly penal in character and can not be extended by construction.   It does not make it an offense to do that which without the statute is innocent and lawful, and which of itself could work no injury to any one.   The acts prohibited by said section are only such as might be done on the property under the control of the commissioners.   As to acts done on their own property by citizens their liability remains unchanged.

2.   In a proceeding to recover the penalty provided by said section, it is *held:*   That the defendant in the use of its own property was not required

to foresee and provide against unusual, extraordinary and unexpected floods; that a concurrence of negligence with the act of Providence was necessary to charge the defendant; that an act of Providence, within the meaning of the rule exempting the defendant from liability, was not necessarily an unprecedented flood or freshet; and that there was no error in giving and refusing instructions.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of La Salle County; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. BULL, STRAWN & RUGER, for appellants.

Messrs. MAYO & WIDINER, for appellee.

WELCH, J. The only questions presented for our consideration upon the assignment of errors on this record are those arising upon the instructions. We shall consider them in the order presented. It is first insisted that the court erred in giving the eleventh instruction for the appellee, and also in refusing to give the qualification thereto, asked by the appellants. The eleventh instruction, as given, was as follows:

11th. Although the jury may believe, from the evidence, that the Illinois and Michigan canal has been damaged by the flow of the waters of the creek in question, still, if the jury further believe from the evidence that such damage was wholly caused by the natural flow of the waters of said creek, either from the breaking away of a dam or dams not erected by the defendants, and not on property controlled or owned by them, or from unusual or unprecedented floods or storms, and that such damage was caused without any act or acts of the defendants contributing thereto, then the jury should find for the defendants. The defendants had the right to use their own land in a reasonable manner, for the purpose of depositing thereon waste matter from their factory; but in so doing it was their duty so to deposit it that in times of usual, ordinary and expected freshets it would not be carried into the canal, nor cause other matter to be carried therein; but they were not bound so to place it that an unusual, extraordinary and unexpected

People of the State of Illinois v. Utica Cement Co.

flood might not carry it into the canal, or make it carry other matter therein. So, if the jury believe from the evidence that the defendants, by themselves or any of them or by their agents, so placed their waste matter that it was carried by the waters of the creek, or caused other matter to be carried by the waters of the creek into the canal during any ordinary stage of water, or during any freshet or flood which might reasonably be expected to come in said creek according to the natural course of the seasons of this country, then the jury should find for the plaintiffs° as to such matter so carried into said canal. But if the jury believe from the evidence that the defendants so placed their waste matter that it was carried into the creek, or caused other matter to be carried therein, only by reason of an unusual, extraordinary and unexpected flood, according to the natural course of the seasons of this country, then the jury will find for the defendants as to such matter so carried into the canal, such last described flood being in law an act of Providence for which no one is responsible."

Appellants asked, and the court refused to qualify the foregoing instruction, as follows: " But if the unusual or extraordinary floods, or the act of Providence, would not have caused such material to be carried into the canal if the surface of the valley of the creek had been left in a state of nature, and if the evidence shows that there were changes made in the surface of the valley of the creek, and that such changes were made, or caused to be made, by the defendants, and that such changes caused such material to be carried into the canal by the waters of said creek, then the defendants are liable and the verdict must be for the plaintiffs."

The acts of appellee, the Utica Cement Company, complained of, were done on its own premises and in the pursuit of a lawful business. We hold that in the absence of any statutory provision on the subject, the liability of the appellee is to be measured by the maxim, *Sic utere tuo, ut alienum non lædas;* that the duty imposed upon appellee in the use of its own property was to foresee and provide for such freshets or floods as might reasonably be expected to come, according to the natural course of the seasons in this country; and that the

appellee was not required to foresee and provide against unusual, extraordinary and unexpected floods. The appellee showed that at the time when the greatest damage was done there were unusual and extraordinary floods, and an unusual, extraordinary and unexpected amount of water. The condition of exemption from liability for injury arising from the use of one's own property is the use or appropriation of the property in a reasonable, usual and proper manner without negligence or malice.

"The distinction is vital," says Thomas, Justice, in Rockwood v. Wilson, 11 Cush. 221, "for nothing is better settled than if one does a lawful act upon his own premises he can not be held responsible for injurious consequences that may result from it unless it was so done as to constitute actionable negligence." Sharswood, in Livezey v. Philadelphia, 64 Pa. St. 106, says: "The concurrence of negligence with the act of Providence, when the mischief is done by flood or storm, is necessary to fix the defendant's liability."

The authorities referred to by the appellants showing liability are all in harmony with the rule here announced. In those cases there was a concurrence of negligence with the act of Providence. The eleventh instruction as given, accurately states the appellee's liability under the maxim, *supra*. The jury were told that the appellee had the right to use its own land in a reasonable manner for the purpose of depositing thereon waste matter from its factory, but in so doing it was its duty to so deposit it that in times of usual, ordinary and expected freshets it would not be carried into the canal, nor cause other matter to be carried therein, and that as to the waste matter so placed that was carried into the canal by the waters of the creek, or that caused other matter to be carried by the waters of the creek into the canal, during any ordinary stage of water or during any freshet or flood which might reasonably be expected to come in said creek, according to the natural course of the seasons in this country, that as to such matters so carried into said canal appellee was liable; but as to such waste matter so placed as that it was carried, or caused other matter to be carried therein, only by reason of an un-

usual, extraordinary and unexpected flood according to the natural course of the seasons in this country, that as to such matter so carried into the canal, appellee was not liable, such floods being in law an act of Providence. Applying the maxim thereto, *Actus Dei nemini facit injuriam.*

It is, however, insisted by counsel for appellants that Secs. 16 and 28 of Chap. 19, Revised Statutes of 1874, required that the rule announced in this instruction should be qualified and the qualification referred to, *supra*, was asked: " If the act of Providence would not have caused such material to be carried into the canal but for the change in the valley made by defendants depositing material therein, then the appellees could not so excuse their liability. Sec. 16 of Chap. 19 of the Revised Statutes of 1874 provides that " whoever, without the written consent of the Canal Commissioners, digs any drain or ditch, or receives or deposits any earth, sand, gravel or other material, or causes the same to be done, whereby any substance is washed into the canal to the injury of the same, shall, for each offense, be fined not exceeding $100." And Sec. 28 of the same act, reads: " Whoever is guilty of any offense created by this act shall also be liable for all damages occasioned thereby."

The liability under this act for damages is imposed only on those guilty of an offense created by the act. This statute is penal and can not be extended by construction, but must be strictly construed. Chicago & N. W. Ry. Co. v. Starnbro, 87 Ill. 195; People v. Peacock, 98 Ill. 172. Applying this rule to this statute, we hold that section 16 was not designed nor intended to make it an offense punishable by fine to do that which without this statute would have been in itself innocent and lawful, and which without *actus Dei* could work injury to no one. The offense created by other sections of the act are only such as may be committed on the property of the State, and we hold that the acts intended to be prohibited by this section were only such as might be done on the property under the control of the Commissioners, and that it was not intended to confer on those officers any authority to interfere with the rights of the citizens in the lawful use of their

property.   As to acts done on their own premises their liability remained as it was before the act.

It is further insisted by counsel for appellants that in order to constitute an act of Providence for which appellee is not liable, the storm, flood or freshet must be something more than unusual, extraordinary and unexpected; it must be of an unprecedented character.   We should adopt as our answer to this objection the language of Agnew, J., in the case of Pittsburg, Ft. W. & C. R. R. Co. v. Gilleland, 56 Pa. St. 445. There were in that case three floods occasioning the injury— one in June, another in July and another in the latter part of the summer of 1866.   An instruction was held erroneous that in effect left the jury to find a liability for damages from extraordinary floods because a second and third came in rapid succession.   Agnew says: "If all were extraordinary, as the instruction conceded, the surprise of the second and third could not be less than at the first, and it was still more surprising that they should come in such rapid succession. Being extraordinary, neither second nor third could have been expected more than the first."

It is also urged by appellants that the court erred in reading the eleventh of appellee's instructions as a modification to each of appellants' instructions numbered one, two, three and four.   There was no error in this; without this modification these instructions would have been misleading.

It is also insisted that the court erred in giving the seventeenth and eighteenth of appellee's instructions.   These instructions announce the rule that the liability of appellee was not changed by reason of the State being the plaintiff.   That no greater liability was created than there would have been if the suit was by a private person as plaintiff.   The fifth of appellants' refused instructions announced an opposite rule. In the view we take of this case there was no error in the giving of the seventeenth and eighteenth instructions for the appellee, and in refusing to give the fifth instruction for appellant.

We do not think that the fourteenth and fifteenth instructions given for appellee could have misled the jury, or that

they are susceptible of the construction sought to be placed upon them.  Even if there was a doubt as to the proper construction of an instruction given on behalf of one party, yet if the instructions given on behalf of the other party remove such doubt there is no error.  Latham v. Roach, 72 Ill. 179. We are of the opinion after a careful consideration of this case, that the law was clearly and accurately stated to the jury.

*Judgment affirmed.*