JOHN J. CORCORAN

v.

THE LEHIGH & FRANKLIN COAL COMPANY.

*Sales—Failure to Deliver—Damages—Gambling Contract—Options— Practice—Evidence—Instructions.*

1.  Counsel hearing the court in a given case erroneously instruct the jury that a certain admission had been made during the trial, should at once call the attention of the court thereto.  Such error, in the absence of such action, can not be complained of upon appeal.

2.  A proposition on the part of a vendor to deliver to a vendee goods in store at a certain price, if required, in case a certain quantity to be shipped from a distance was bought by him, amounts to an option and is void under Sec. 130, Chap. 38, R. S.

3.  Where a written stipulation filed in a cause admits a certain sum to be due, interest will accrue thereon from the date thereof.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. ROBERT RAE, for appellant.

Messrs. PRUSSING, HUTCHINS & GOODRICH, for appellee.

WATERMAN, J.    Appellant, having received from appellee a proposition for the sale of coal to him, made the following reply:

"CHICAGO, August 20, 1886.
THE LEHIGH & FRANKLIN COAL COMPANY,
79 Franklin Street, City.

*Gentlemen:*    I accept the proposition you made to me in your communication of the 31st ult., of which the following is a verbatim copy.    "Replying to your inquiry for prices on coal we beg to name you as follows:    3,000 tons of grate at $4.15 per ton of 2,000 pounds alongside; 2,000 tons of small egg at $4.15 per ton of 2,000 pounds alongside; 4,500 tons of stove at $4.40 per ton of 2,000 pounds alongside; 2,500 tons of chestnut at $4.40 of 2,000 pounds alongside.    Terms: We will take your paper at three months with six per cent interest, and will renew the same as it becomes due to accommodate you, but you are to pay the same as fast as you can.    In view of the fact that this purchase would amount to over $50,000, we must ask you to give us a guarantee, and we will not accept your order unless the guarantee is satisfactory.    Should you prefer to pay cash, we will allow you one and one-half per cent from the above prices.    You are to pay the freights as is customary.

"Should you require any coal on our dock we will name you fifty cents per ton in advance of the above prices during the season.

"Yours, etc.,
J. J. CORCORAN."

The required guarantee was given by Corcoran.

Coal shortly after advanced in price; there was delay in filling his orders; which delay, appellee claims, was attributable to difficulties in obtaining transportation, etc.    It was admitted upon the trial that there was a failure to deliver 4,279 of the 12,000 tons named in the contract.

The first instruction given by the court to the jury was as follows:

"In this case, it is admitted that the defendant failed to deliver 4,279 tons of the 12,000 tons named in the contract,

Corcoran v. Lehigh & Franklin Coal Co.

and that the plaintiff's damages were one dollar per ton, making $4,279, which you will allow, besides six per cent interest per annum, from November 30, 1886, as damages for failure on the part of the defendant to deliver all of the 12,000 tons above named, making $5,134.70."

So far as the record shows, no objection to this statement in open court of a matter as agreed upon between the parties, was made. In the motion for a new trial there is no allusion to such statement; in the assignment of errors it is not charged that the court improperly instructed the jury as to matters of fact, or erroneously stated that to have been admitted which was not. The case was argued orally before this court by counsel for each party, and in such argument there was, in express words, no claim that the court had misapprehended the condition of affairs in giving such instruction; nor was this claim presented in the first brief here filed by counsel for appellant. For the first time in the reply brief of counsel do we find an insistance that while the statement of the court is correct as to the number of tons, 4,279, it was in error as to any agreement that the damages therefor were $1 per ton, or, to speak more accurately, the insistance is that if any such admission was made, the record ought to show it. We do not find it in the record anywhere, save in the instruction of the court, clearly stated that such admission was made; there were, during the trial below, numerous admissions as to matters of fact, and from the whole record and the briefs of counsel, we are satisfied such admission was made. No court would state in open court that such an admission had been made unless such was its understanding; and parties should not, without protest, sit by and hear the court erroneously instruct the jury that an admission had been made. If the court was laboring under a misapprehension as to what had been agreed, counsel should have set it right. Appellant and his counsel were silent when, if their present position be correct, it behooved them to speak. They accepted, without comment, whatever benefit to them there was in the declaration, and ought not now to be heard to insist that is not true which their conduct then gave assent to. Hinckley v. Horandow-

sky, 135 Ill. 359, 366; and Wallace, Ex'r, v. Gatchell, 106 Ill. 315, 320.

The principal contention in this case is over the failure of the jury to give appellant damages for coal, which it is claimed he required and endeavored to obtain upon the dock of appellee. This claim is made under these words of the letter of July 31st: "Should you require any coal on our dock, will name you fifty cents per ton in advance of above prices during the season, provided you purchase the above order from us." There was considerable testimony as to the amount of coal appellant required and demanded off the dock of appellee, which, under the view we take of this branch of the case, seems to us unimportant. The proposition by appellee to furnish coal from off their dock was but an option. Appellee did not, by his acceptance of their offer, bind himself to take any coal off their dock. He does not now claim that he was bound to take a pound from off their dock; his position is that he could take or not, as he saw fit; if coal went up, he could take what he required in his business; if it went down, he need not take an ounce, outside the 12,000 tons.

This is but an option, valid and binding under the common law, void under our statute. The statute of this State, Sec. 130 of chapter 38, provides that "Whoever contracts to have or give to himself or another the option to sell or buy, at a future time, any grain or other commodity * * * shall be fined not less than $10, * * * and all contracts made in violation of this section shall be considered gambling contracts, and shall be void."

It is immaterial how the parties to this option considered it; the law declares that it shall be considered a gambling contract and void. A statute, radical as this, can not fail to uproot many transactions, but for the law, customary, usual and innocent. As the Supreme Court have said: "There was and is nothing illegal or even immoral in an option contract, within itself. The evil aimed at grew out of such contracts. * * *. The treatment is heroic, but the evil aimed at was most malignant. Schneider et al. v. Turner, 130 Ill. 28. That case was before this court, and the same conclusion reached in 27 Ill. App. 220.

Complaint is made that the jury allowed interest on the sum of $3,061.16, admitted by stipulation to be due upon account.

Neither in the motion for a new trial, nor in the assignment of errors, is attention specifically called to such matter. By written stipulation filed in the cause, it was admitted that this sum was due upon account; from the time this stipulation was made, interest would accrue upon the sum so admitted. At what date this stipulation was made or filed does not appear.

No instructions upon the subject of interest were asked and none given, except that directing the jury to allow to appellant interest upon the $4,279 damages he had sustained by the failure to deliver him all of the 12,000 tons of coal, and it is only by calculation that the conclusion can be arrived at that the jury allowed interest on the amount admitted to be due upon account. No such calculation has been furnished us, and we are of the opinion that the verdict of the jury, in the absence of anything showing to the contrary, must, as to the amount of damages awarded in this case, be presumed to be correct.

We perceive no objection to the form of judgment entered in this case.

*Judgment affirmed.*