JOHN M. LOCKE

v.

E. T. TOWLER.

*Criminal Law—Options—Sec. 130, Criminal Code.*

In view of the wording of the letters that form the contract in the case presented, this court holds that the plaintiff had an option only to sell the stock involved at a future time, and that said contract is within the inhibition of Sec. 130 of the Criminal Code.

[Opinion filed June 25, 1891.]

Locke v. Towler.

Appeal from the Circuit Court of Cook County; the Hon. George Driggs, Judge, presiding.

The Circuit Court sustained a demurrer to the declaration in this action, consisting of the following counts:

Whereas, heretofore, on, to wit, the 10th day of June, 1884, said defendant then being a stockholder and director in a corporation known as the Illinois Wagon Company, which corporation was then lately organized under the laws of the State of Illinois, and its stock then being placed upon the market, said defendant then being desirous of selling said stock to persons friendly to himself, that he might control the business and management of said corporation, having theretofore represented to said plaintiff that the stock of said corporation was of great value, and having urged said plaintiff to buy said stock, wrote and caused to be delivered to said defendant the letter and agreement in words following, to-wit:

"Chicago, June 10, 1884.

"Friend Locke:

"You can get the stock, I think. I can have it held for you unless some one offers more than $75 for it. The company declared a dividend of ten per cent, which is good, or big, for the first six months that they have been manufacturing. You see it took half of the year to get to work after organizing. I would give $100 per share if there was not some stock unsold, which I can buy at about $75, and I will say, as a friend, if you want to make some cash you can not find a better investment. I will take it off your hands at $90, after 1885, quick, if you will sell it. Now don't take it unless you want to, for the only difference it makes to me is that I would rather have some of my friends take it instead of some other fellow's friends, and if you don't take it, some one else will. I have bought some myself at $75, and would take this, if I had the cash, at $75, quick, for it will go to $400. Please don't show this.

"Yours truly,

"E. T. Towler."

And said plaintiff avers that, relying upon the statements and agreement in said letter contained, and on, to wit, the

17th day of June, 1884, the plaintiff addressed and caused to be delivered to the defendant the following communication in writing, to wit:

"CHICAGO, June 17, 1884.

"FRIEND TOWLER:

"On the strength of your letter of the 10th and promise to take the twenty shares off my hands after 1885, at $90, if I wish to sell it, I wrote your secretary and treasurer I would take twenty shares. Will pay for it as soon as possible. Please let me know how long I can wait. With thanks, in haste,

"Yours,

"JOHN M. LOCKE."

That thereafter, and on, to wit, the —— day of August, 1884, the plaintiff purchased, with the knowledge of said defendant, and in reliance upon the representations and promises of said defendant as aforesaid, sixteen shares of the stock of said corporation, of the par value of $100, and paid therefor the sum of $75 per share, to wit, the sum of $1,220; that subsequent to the year 1885, and on, to wit, the 10th day of January, 1887, said plaintiff, desiring to sell said stock under said agreement, to said defendant, at $90 per share, offered and tendered said defendant said sixteen shares of stock at $90 per share, and requested him to take the same from the plaintiff, and to pay him therefor the sum of $90 per share, to wit, $1,440 as agreed, but said defendant failed and refused, and still fails and refuses so to do.

And the plaintiff avers that said sixteen shares of stock in said corporation, were on, to wit, the 1st day of January, 1886, and ever since have been, and now are, worthless, and of no pecuniary value whatever.

Also, whereas, heretofore, to wit, on the 10th day of June, 1884, said defendant then being a stockholder and director in a corporation known as the Illinois Wagon Company, which corporation was then lately organized under the laws of the State of Illinois, and its stock was then being marketed, said defendant then being desirous of selling said stock to persons friendly to himself, that he might control the business and

management of said corporation, represented to said plaintiff that the stock of said corporation was of great value, to wit, of par value of $100 per share, and urged said plaintiff to buy a portion of said stock, and to that end wrote and caused to be delivered to said plaintiff a letter and offer in words following, to wit: (Here follows the same letter set out in preceding count.)

And the said plaintiff avers that, relying upon the statements and the offer of said defendant in said letter contained, and on, to wit, the 17th day of June, 1884, the plaintiff addressed and caused to be delivered to the defendant the following communication in writing, to wit: (Here follows the second letter set out in the preceding count.)

That thereafter and on, to wit, the ——— day of August, 1884, the plaintiff purchased, with the knowledge of said defendant, and in reliance upon said representations, and the offer of said defendant to buy said stock from said plaintiff at $90 per share after the year 1885, as aforesaid, sixteen shares of the stock of said corporation, of the par value of $100, and paid therefor the sum of $75 per share, to wit, the sum of $1,220. That subsequent to the year 1885, and on, to wit, the 10th day of January, 1887, said plaintiff desiring to sell said stock, said offer of said defendant as aforesaid not having been withdrawn, notified the said defendant that he would accept his said offer to take said stock at $90 per share, and offered and tendered said defendant said sixteen shares of stock at $90 per share, and requested him to take the same from the plaintiff, and to pay him therefor the sum of $90 per share, to wit, $1,440; but the said defendant failed and refused, and still fails and refuses so to do.

And the plaintiff avers that said sixteen shares of stock in said corporation were on, to wit, the 1st day of January, 1886, and ever since have been, and now are, worthless, and of no pecuniary value whatever.

To the damage of the plaintiff of $3,000.

Messrs. FLOWER, SMITH & MUSGRAVE, for appellant.

Messrs. LYMAN & JACKSON, for appellee.

MORAN, P. J.   The words of the two letters that form the contract in writing between the parties, merely gave to the plaintiff the option to sell the stock at a future time.   He did not by the terms of the agreement sell, nor was he bound to sell, when the time named expired; nor did the defendant buy, but he contracted to do so after 1885, if plaintiff would then sell at the price named.

The contract is clearly within the inhibition of Sec. 130 of the Criminal Code, and is similar to the one held void in Schnider v. Turner, 27 Ill. App. 220, and 130 Ill. 28.

A like contract relating to the purchase of coal was recently held not enforcible by this court.   Corcoran v. Lehigh & Franklin Coal Co., 37 Ill. App. 577.

The judgment sustaining the demurrer is correct and will be affirmed.

*Judgment affirmed.*