## McClure v. Spellman.

1. CONTRACTS—*Mutuality and in Restraint of Trade.*—In a contract, the party of the first part agreed to give the party of the second part exclusive control of his coal in Chicago, and the country tributary thereto, till April 1, 1888, and agreed also not to make any future contracts that would interfere with the rights of the party of the second part, and that all sales made by the party of the first part and the party of the second part were subject to mutual agreement. The party of the second part agreed to use his best efforts toward the output of the mines of the party of the first part, and not to handle any other Illinois coal, where the coal of the party of the first part could be sold, until the limit of the production of the mines should have been reached. In construing this contract, *it was held,* that the party of the first part was bound, by his contract, to deliver to the party of the second part all the coal of his mines that the party of the second part might be able to dispose of, and such party was bound to use his best efforts to dispose of the whole of it, and that the contract was valid, and not open to the objection that it was a gambling contract.

**Memorandum.**—Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1892. Reversed and remanded. Opinion filed February 14, 1893.

### STATEMENT OF CASE.

Appellants, as co-partners, under the name of F. H. McClure and Company, were wholesale coal merchants at Chicago, and appellee was the owner and operator of coal mines at Grape Creek, Vermilion county, Illinois. On July 8, 1887, a written instrument was executed by both parties, relating to the output of appellee's coal mines, from that date up to April 1, 1888. For failure to comply with the terms and provisions thereof, appellants on May 16, 1888, brought suit in assumpsit in the Circuit Court of Cook County. The declaration contained three counts, each of which set out the instrument *verbatim;* alleged compliance therewith by appellants and distinct breaches of the same by appellee. An amended declaration with three counts setting out three distinct breaches of the instrument sued on, but with more detail, was filed. Defendant pleaded the general issue and

filed notice of set-off in form of common counts, including common counts for goods sold and delivered and a copy of account for coal sold and delivered by appellee to appellants from February 8, 1888, to March 3, 1888, at $1.10 per ton, aggregating $247.67.

On April 14, 1892, the trial began before a jury. Plaintiff, F. H. McClure, was sworn and examined. He was asked to identify the instrument sued on, and it was offered in evidence; objected to by defendant's counsel on the ground that there was no mutuality therein, and that it was illegal and void. The objection was sustained and the jury instructed to return a verdict for defendant, and [this was done. Appellants properly excepted, moved for new trial and appealed.

APPELLANT'S BRIEF, FRANK F. REED, ATTORNEY.

Section 130 of chapter 38, Revised Statutes of Illinois, provides: "Whoever contracts to have or to give to himself or another, the option to sell or buy, at a future time, any grain or other commodity, stock of any railroad or other company," etc., "shall be fined not less than ten dollars nor more than one thousand dollars, or confined in the county jail not exceeding one year, or both, and all contracts made in violation of this section, shall be considered gambling contracts, and shall be void."

It was contended that the contract was not open to the objection sustained to its introduction in evidence. Lyon v. Culbertson, 83 Ill. 33; Wolcott v. Heath, 78 Ill. 433; Schneider v. Turner, 130 Ill. 28; Cothran v. Ellis, 125 Ill. 496; White v. Barber, 123 U. S. 392; Ames v. Moir, 130 Ill. 582; Plumb v. Campbell, 129 Ill. 101; Chicago & A. R. R. Co. v. Chicago, V. & W. Coal Co., 79 Ill. 121; Corcoran v. Lehigh & F. Coal Co. (Ill.), 28 N. E. Rep. 759; Osgood v. Bauder, 75 Iowa, 550; 39 N. W. Rep. 887; Tenney v. Foote, 4 Brad. 594; 95 Ill. 99; Bradford v. Newell, L. R. 3; C. P. 52; Sievenright v. Archibald, 6 Eng. Law and Equity, 286; Lee Mining Co. v. Omaha Smelting Co. (Colo.), 26 Pac. Rep. 326; Butler v. Thomson, 92 U. S. 413.

The contract is not obnoxious to the objection that it is in restraint of trade or promotive of monopoly, as it is simply for the output of certain mines, and gives exclusive control for a limited time over a limited territory, and without impairing existing contracts. Live Stock Association v. Levy, 54 N. Y. Sup. Ct. 32; Good v. Tucker Co. (N. Y.), 24 N. E. Rep. 15; Newell v. Meyendorf (Mont.), 23 Pac. Rep. 333; Mueller v. Kleine, 27 Ill. App. 473; Western Woodenware Assoc. v. Stookey, 84 Mich. 76; National Ben. Co. v. Union Hospital Co., 45 Minn. 272; Chicago, St. Louis, etc., Co. v. Pullman Co., 139 U. S. 79; Hodge v. Sloan (N. Y.), 17 N. E. Rep. 335; Central Shade Roller Co. v. Cushman, 143 Mass. 353; Smith's Appeal, 113 Pa. St. 579; Frazer v. Frazer Co., 125 Ill. 147; Mitchell v. Reynolds, 1 P. Williams, 181; Horner v. Neves, 7 Bing. 743; Keith v. Hirschberg Optical Co., 48 Ark. 138; Washburne v. Dosch, 68 Wis. 436; Greenhood on Public Policy, 704–715; Richmond v. Dubuque, etc., Co., 26 Ia. 191, 33 Ia. 18, 19 Wall. 584; Lake Shore Railway Co. v. Richards, 126 Ill. 448.

APPELLEE'S BRIEF, PARKE E. SIMMONS, ATTORNEY.

It was contended that while the contract in this case is apparently in the ordinary form of a contract of sale and purchase, it is at most only an offer to sell; for the agreement to sell the output of his mine, on the part of appellee, for a definite period and at definite price, is not met by any agreement to buy, on the part of appellants, and hence there is no mutuality about it. Corcoran v. Lehigh & Franklin Coal Co., 28 N. E. Rep. 759; 37 Ill. App. 580; Osgood v. Bauder, 75 Iowa 550; Lee Mining Co. v. Omaha Smelting Co. (Cal.), 26 Pac. Rep. 326.

OPINION OF THE COURT, GARY, P. J.

The appellants sued the appellee in assumpsit for a breach of the following agreement:

"July 8, 1887.

"Know all men by these presents: This memorandum of an agreement entered into this day between T. L. Spell-

McClure v. Spellman.

man, of Danville, Vermilion county, Illinois, party of the first part, and F. H. McClure & Co., of Chicago, Cook county, Illinois, party of the second part, witnesseth:

The said party of the first part agrees to sell to the said party of the second part, the lump coal mined at the mines of the said party of the first part, located at Grape Creek, Vermilion county, Illinois, at the rate of one dollar and ten cents ($1.10) per ton, f. o. b. coal cars at Grape Creek, Illinois, till April 1, 1888. The said lump coal to be well cleaned and screened, and in every way kept up to the standard of the coal mined by the said party of the first part.

And the said party of the first part furthermore agrees to sell to the said party of the second part, the mixed coal run through an $(1\frac{1}{8})$ inch and an eighth screen at the rate of twenty-two and one-half $(22\frac{1}{2})$ cents per ton, f. o. b. cars at Grape Creek till April 1, 1888.

The said party of the first part agrees to give the said party of the second part the exclusive control of his coal in Chicago, and the country tributary to Chicago, till April 1, 1888, it being expressly understood that this agreement is not to interfere with any existing contract that the said party of the first part may now have.

The said party of the first part hereby agrees not to make any future contracts that would interfere with the rights of the said party of the second part, and it is agreed that all sales made by the said party of the first part, and the said party of the second part, are subject to mutual agreement.

The said party of the second part agrees to use their best efforts toward the disposal of the output of the mines of the party of the first part, and not handle any other Illinois coal where the coal of the said party of the first part can be sold, until the limit of the production of the mines of the said party of the first part shall have been reached.

In case of a strike among the men, unless caused by an arbitrary reduction of wages, or other action by said party of the first part, not consistent with the carrying out of this contract in good faith, this contract will be considered null and void during the continuance of the strike.

Payments to be made on the fifteenth of the month for all coal delivered during previous month.

T. L. SPELLMAN,

F. H. McCLURE & Co."

When the contract was offered in evidence, the court sustained an objection to it, and instructed the jury to find for the defendant, appellee here.

This action of the court was based upon the assumption that the law, first laid down in this State in Schneider v. Turner, 27 Ill. App. 220, and followed in many cases since, (Locke v. Towler, 41 Ill. App. 66,) governed this case.

That was a mistake. The appellee was bound by his contract to deliver to the appellants all the coal of his mines, not required to fill previous contracts, that the appellants might be able to dispose of, and the appellants were also bound to use their best efforts to dispose of the whole of it, not required to fill previous contracts.

Nothing of privilege was left to either party.

A contingency, not left to the volition of the purchaser, as to the quantity to be taken, does not prevent the contract being valid as to the quantity that the happening of the contingency may require.

If the appellee had sued the appellants for not taking coal, it would have been no answer that they did not want it, unless they coupled with that their inability to dispose of it by using their best efforts. Their best efforts would then be in issue; and whether gain or loss would be the result, was a risk the appellants had taken upon themselves, as effectually as if they had contracted absolutely for the whole output at a fixed price.

The judgment is reversed and the cause remanded.