## Kerting v. Hilton.

1. OPTION CONTRACT—*What is.*—An agreement providing for the employment of a party in a manufacturing business and giving him the privilege of buying the plant on or before a day mentioned but containing no promise or undertaking on his part to buy it, is a mere option and void under the statute.

**Memorandum.**—Chancery.  Bill to have an option contract declared a mortgage.  Appeal from an order dismissing the bill entered by the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.  Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, BARNUM, HUMPHREY & BARNUM, ATTORNEYS.

Appellants contended that the showing is clear that both of the agreements dated December 4th and December 13th,

were wrung from Kerting by abusing the advantage which the mortgagee had over the mortgagor, and by taking advantage of the distress and ignorance and helplessness of Kerting, the mortgagor.

The law bearing on this subject is and always has been plain. It is well understood and has been often administered by the court. We need only cite a few authorities in deference to the rules of court appertaining to briefs. Brown v. Gaffney, 28 Ill. 149; Tennery v. Nicholson, 87 Ill. 464; Scanlan v. Scanlan, 134 Ill. 645; Conant v. Riseborough, 139 Ill. 388; Russell v. Southard, 12 How. (U. S.) 139; Peugh v. Davis, 96 U. S. (6 Otto), 332; Brick v. Brick, 98 U. S. (8 Otto), 516; Hayworth v. Worthington, 5 Blackf. 361; Miller v. Green, 37 App. (Ill.) 635; 1 Jones on Mort., Secs. 273, 293; Story's Eq. Jur., Sec. 222; Preschbaker v. Feaman, 32 Ill. 485; 2 Jones on Mort., Secs. 1039, 1042; 2 Story's Eq. Jur., Sec. 1019; Bearss v. Ford, 108 Ill. 16; Beach Eq. Jur., Secs. 407, 412, 413, 416.

APPELLEE'S BRIEF, FLOWER, SMITH & MUSGRAVE, ATTORNEYS.

Appellee contended, that to establish that a transfer absolute on its face was in fact a mortgage, the proof must be clear and convincing. The question is one of the intention of the parties. Eames v. Hardin, 111 Ill. 634; Porrington v. Akhorst, 74 Ill. 490; 1 Beach on Equity, Sec. 414.

One of the distinguishing tests to determine whether an instrument is a mortgage or a sale with the privilege of repurchasing, is the existence or non-existence of a debt to be secured. If there be no debt due from the grantor to the grantee, there can be no mortgage. Rue v. Dole, 107 Ill. 275; McKinstry v. Conley, 12 Ala. 478; McGee v. Catching, 33 Miss. 672.

The fact that the original transaction was in the nature of a loan is not conclusive, nor does the rule once a mortgage, always a mortgage, control the transaction. Quick v. Rodman, 5 Duer, 285 (N. Y.); Moss v. Green, 10 Leigh (Va.) 251.

Mr. Justice Gary delivered the opinion of the Court.

The property which, with such changes as have come in the course of business, is the cause of this suit, was, on May 30, 1890, assigned by the Kerting Lithographing Co.—of which the appellant held the majority of the stock—for the benefit of creditors. It was bought for $2,750 by F. N. Gage & Co. from the assignee, and by them sold November 1, 1890, to I. G. Hatcher for $5,000, who had the day before made an agreement with the appellant that he might have the property on or before December 4, 1890, for $5,500. The agreement is voluminous, and contains many other stipulations not material in this controversy. December 4, 1890, Hatcher conveyed to the appellee, by a bill of sale, which recited, "for and in consideration of the sum of $5,500 lawful money of the United States of America, to him in hand paid, at or before the ensealing and delivery of these presents by Mr. William K. Hilton, in trust for Frank Kerting, party of the second part," *habendum*, " to and for his own proper use and behoof forever, unless redeemed by said Frank Kerting on or before March 4, 1891."

On the same date as the last mentioned bill of sale, an agreement between these parties was made which recited that the appellee, " at the request of said Kerting, has this day purchased," " and a trust is reposed in," the appellee, " which trust in said bill of sale was so declared in favor of said Kerting because he was vested with the sole option and legal right to purchase" from Hatcher.

December 13, 1890, a new agreement was executed between the parties, which *inter alia* said " that the said Hilton is hereby declared to be the absolute owner of the said property, freed from any trust in favor of said Hilton." Both of the agreements between these parties provided for the employment of the appellant in the business, and gave him the privilege of buying the lithographic plant on or before March 4, 1891, but contained no promise or undertaking on his part ever to buy it. He had a mere option, void under the statute. Schneider v. Turner, 27 Ill. App. 220; 130 Ill. 28; Corcoran v. Lehigh & Franklin Coal Co., 37 Ill. App.

577; S. C., 138 Ill. 390; Locke v. Fowler, 41 Ill. App. 66. It matters not how good the consideration, or what the inducement, for such a contract.

This view of the case makes all inquiry into the charges of fraud and oppression contained in the bill, useless, as the whole theory of the appellant's case is based upon the validity of his option to buy. He has never put anything but his labor—for which probably he has been paid a salary —into the business, and if he is, under either of the agreements, entitled to a share of any profits, this bill is not for them. The object of this bill is, in effect, a specific performance of his option to buy.

The decree dismissing the bill is affirmed.