# Ubbo A. Ubben v. William H. Binnian.

1. GAMBLING CONTRACTS—*Agreement to Repurchase Stock.*—An agreement between the seller and purchaser of certain shares of stock, that at the expiration of five years, if the purchaser was then willing, the, seller would repurchase of him the stock in question at the price specified in the agreement of sale, is a contract for an option to buy at a future time and is void by reason of Section 130 of the Criminal Code.

2. PRACTICE—*Instructions Not a Part of the Record Unless, etc.*— Where the clerk in making up the transcript in accordance with the praecipe of counsel, copies into the transcript instructions and motions which are not in the bill of exceptions, under the hand and seal of the judge, such instructions and motions are no part of the record, and can not be considered by this court in passing upon the errors assigned, which call them in question.

Assumpsit, on a contract to repurchase stock. Trial in the Circuit Court of Tazewell County; the Hon. THOMAS M. SHAW, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

W. R. CURRAN, attorney for appellant.

JACK & TICHENOR, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.
The appellant sued the appellee in the Circuit Court of Tazewell County in an action of assumpsit; the case was tried in that court by jury and resulted in a verdict and judgment for the appellee. The appellant brings the case to this court by appeal and insists the judgment ought to be reversed on the ground, (1) that the court improperly sustained a demurrer to the first, third and fourth counts of the amended declaration, and to the replication to the second plea to the second count of the declaration; and (2) that the verdict is contrary to the law and the evidence.

The first, third and fourth counts of the declaration and the replication to the second plea to the second count of the declaration, when stripped of their legal verbiage and the

conclusions of the pleader, disclosed the following trans-
action between the parties:    On January 4, 1892, William E.
Stone and W. H. Binnian sold and delivered to Ubbo A.
Ubben, appellant, one hundred shares of the capital stock
of the Acme Harvester Co. at its par value, $10,000, receiv-
ing in payment therefor $6,383.60, in cash; and for the
balance of $3,616.40 they took his promissory notes, one
for $616.40, maturing April 1st after date, one for $1,200
maturing November 1st after date, and one for $1,800 matur-
ing one year after date.    At the same time the said Stone
and Binnian signed on back of the certificate of the said
shares of capital stock, an agreement in writing, as follows :

"PEORIA, January 4, 1892.

 "We hereby agree that five years after date we will buy
back from Ubbo A. Ubben the within one hundred shares
of Acme Harvester stock, paying for same ten thousand
dollars and six per cent interest from date, after deducting
any and all dividends that may be made upon same within
that time.

W. E. STONE,
W. H. BINNIAN."

And below the above agreement was another in writing
signed by said Ubben, as follows :

"I hereby agree not to sell said within shares of Acme
Harvester Co. stock without first giving W. E. Stone and
W. H. Binnian an opportunity to buy at same terms offered
to me by others.

UBBO A. UBBEN."

And the said pleadings further showed the death of said
Stone, and the appointment of an administrator of his
estate, before the expiration of the five years mentioned in
the said written agreement; also that said Ubben received
$2,000 as dividends on the said shares of stock, and that he
had at the expiration of said five years tendered to the said
Binnian and the administrator of the estate of the said
Stone, deceased, the said shares of capital stock, and
demanded of them the repurchase price thereof in accord-
ance with the terms of said written agreement, but that
each of them had failed and refused to receive said capital

stock or to pay said Ubben the agreed price therefor, as provided in and by the said agreement. And that these facts constituted the cause of action upon which the appellant sought to recover damages from the appellee.

The demurrer of the appellee to each of these pleadings was based upon the ground that when fairly construed the agreement of Stone and Binnian as disclosed by these pleadings was, that at the expiration of five years from January 4, 1892, if Ubben was then willing, they would repurchase of him the 100 shares of stock in question, at the price specified in the agreement, and being a contract for an option to buy at a future time, stock of a company, was void by reason of Section 130 of our Criminal Code, which provides that "whoever contracts to have or to give to himself or another the option to sell or buy at a future time, any * * * stock of any * * * company shall be fined * * *; and all contracts made in violation of this section shall be considered gambling contracts, and shall be void." The Circuit Court in sustaining the demurrer to each of said pleadings construed the contract as disclosed by the pleadings, to be within the inhibition of said Section 130 of our Criminal Code. The appellant insists that these pleadings show that the appellant loaned to the said Stone and Binnian $10,000 for five years, at six per cent interest, and that the said stock was transferred to the appellant by them to secure the payment of this loan, and the said written contract to repurchase was but a part of the arrangement made by the parties to secure the payment of this loan.

We have examined these pleadings in the light of this contention, and find when they are tested by the rule that pleadings must be construed most strongly against the pleader, we are constrained to hold that the construction given them by the Circuit Court was the correct one and that it committed no error in sustaining the demurrer to each of them.

The declaration in this case also contained the common counts, to which the appellee pleaded the general issue and

a special plea setting up in an appropriate manner that the only transaction between the parties was that mentioned in the pleadings to which the court had sustained demurrers; issue was joined upon these pleas and a trial by jury had, resulting in a verdict for the appellee.

The bill of exceptions, as it appears in the transcript of the record filed by the appellant in this court, does not show any instructions, motion for new trial, or any other motion, but simply the evidence produced on the trial, the rulings of the court on the evidence and the exceptions of the parties to such rulings. The clerk, in making up this transcript in accordance with the præcipe of the counsel for the appellant, has copied into the transcript some instructions and motions, but these not being in the bill of exceptions under the hand and seal of the judge who tried this case, are no part of the record in this case and can not be considered by us in passing upon the errors assigned, which call these in question. C., R. I. & P. Ry. Co. v. Calumet, 151 Ill. 512, and cases cited therein.

Since the bill of exceptions as it is in the record contains all the evidence heard at the trial, we have read and considered the same and are constrained to find therefrom that the only transaction shown on the trial, between the parties, was that the appellant, on January 2, 1892, bought from Stone and Binnian, 100 shares of the capital stock of the Acme Harvester Co., of the par value of $100 per share, for which he paid them $10,000, the full par value thereof, and at the time of this purchase the appellant took a written agreement from Stone and Binnian as follows: " We hereby agree that five years after date we will buy back from Ubbo A. Ubben the within one hundred shares of Acme Harvester stock, paying for same ten thousand dollars and six per cent interest from date, after deducting any and all dividends that may be made upon same within that time;" and that he at the same time agreed in writing with them that he would not sell said shares of stock without first giving them an opportunity to buy at same terms offered him by others; and that the evidence failed to show the loan by appellant to Stone and Binnian, or either of them, as contended for

by the counsel for the appellant. We think that the said contract of Stone and Binnian to repurchase said capital stock from Ubben in five years, at the option of said Ubben, for sum named in the contract, was an agreement for an option to purchase, at a future time, stock of a company, and therefore void by the express provisions of Sec. 130 of our Criminal Code, as construed in the case of Schneider et al. v. Turner, 130 Ill. 28, and Locke v. Towler, 41 Ill. App. 66.

The mere proposition of Stone and Binnian to repurchase of Ubben in five years the stock in question was not, in itself, in violation of the statute; and had the evidence shown that Ubben, at the time the proposition was made, accepted the same, so as to have then consummated an agreement between them that was binding upon all, Stone and Binnian would have become the equitable owners of the stock and entitled to its delivery at the expiration of five years upon the payment of the stipulated price. It was the treatment of the proposition by appellant, and his not accepting it for five years, that made it an optional agreement to repurchase for that time, and therefore illegal.

The appellant insists that from the evidence in the record he is entitled to recover under the common counts (by virtue of the provisions of Sec. 132 of the Criminal Code) the money he is shown to have lost at gambling with the appellee, in case the court should hold the contract for the repurchase of the stock by the appellee and Stone with the appellant was a gambling contract and therefore void. A complete answer to this contention is, that the evidence fails to show the appellant did lose money at gambling with Stone and the appellee; on the contrary, he received from them the stock in question for his money, and he, in this case, is seeking to enforce against the appellee an illegal optional contract of repurchase of the stock.

Finding no reversible error in this record, we affirm the judgment of the Circuit Court in this case. Judgment affirmed.